## RIEMER VS. JOHNKE.

PLEADING: EJECTMENT. *Complaint in, not defective for alleging acts of waste and praying injunction. Injunction may issue as provisional remedy.*

The complaint contains all the essential averments required by statute in an action to recover real estate (R. S., ch. 141, sec. 5). It also contains allegations showing that since defendant's unlawful entry, he and his servants have cut down and hauled away a large amount of valuable timber, and are preparing to destroy the remainder of the growing timber on the land, constituting a large part of its value; that they have also destroyed fences, and continue to do so; and that defendant is insolvent. The judgment demanded is not only that plaintiff recover the premises, with damages for their detention, but also that defendant and his servants be restrained by an order of the court from cutting down, hauling away, or in any manner interfering with the timber upon the premises, injuring the fences, or committing any acts of waste. *Held,*

    1. That the complaint must be regarded as one in ejectment.

    2. That the improper mingling, in one count, of several different

causes of action, is no ground of demurrer, but defendant's remedy is by motion to make the complaint more definite and certain.

3. That plaintiff in ejectment may be entitled, as a provisional remedy, to an order restraining trespass or waste during the pendency of the action.

4. That plaintiff's prayer for an injunction in this case must be understood as relating merely to such provisional remedy.

5. That even were the demand one for a permanent injunction, no facts being stated entitling plaintiff to that relief, this would not create a misjoinder of causes of action.

APPEAL from the Circuit Court for *Manitowoc* County.

*Sibree & Anderson*, for appellant, argued that the complaint sets out three causes of action ; ejectment, trespass, and waste. Ejectment and trespass can not be joined. To maintain ejectment, the party must be out of, and to maintain trespass, must be in, possession. *Budd v. Bingham*, 18 Barb., 494 ; *Frost v. Duncan*, 19 id., 561 ; *Bracken v. Preston*, 1 Pin., Wis., 584. The relief demanded is inconsistent. *Linden v. Hepburn*, 5 How. N. Y., 188 ; *Lamport v. Abbott*, 12 id., 340 ; *N. Y. Life Ins. Co. v. Supervisors*, 4 Duer, 192. Trespass can not be taken into account, nor special damage alleged in real actions under the statute. *Pacquette v. Pickness*, 19 Wis., 219 ; *Gillett v. Treganza*, 13 id., 472. The plaintiff should have made separate application for injunctional order as provisional remedy. Nothing but final relief should be demanded in a complaint. 2 Wait's Practice, 400 ; 4 id., 572, art. 2, sec. 2 ; Tay. Stats., ch. 143, sec. 7. As to essential difference between legal and equitable relief, counsel cited *Reubens v. Joel*, 13 N. Y., 488 ; *Gunn v. Madigan*, 28 Wis., 166 ; *Bonesteel v. Bonesteel*, id., 245. In case of doubtful pleading like this, the prayer must determine the nature of the action. *Gillett v. Treganza*, 13 Wis., 472.

*H. G.* and *W. J. Turner*, for respondent, contended that, if the complaint was objectionable, the defendant should have moved to make it more definite and certain. *Clark v. Langworthy*, 12 Wis., 441. It is only where complaint states two or more good causes that demurrer for misjoinder or multifarious-

ness will lie.    *Akerly v. Vilas,* 25 Wis., 703 ; *Lee v. Simpson,* 29 id., 333 ; *Truesdell v. Rhodes,* 26 id., 215 ; *Basset v. Warner,* 23 id., 689 ; Moak's Van Santvoord's Pl., 264.    The complaint states a good cause of action in ejectment.    The facts alleging injuries and threats of injury to the premises, may be set up in complaint to entitle party to temporary injunction, and, for the purposes of the application for it, the verified complaint is taken to be the " affidavit " mentioned in Tay. Stats., 1462, sec. 3.    *Dinehart v. La Fayette,* 19 Wis., 677 ; *R. R. Co. v. Fort Howard,* 21 id., 44 ; *Milwaukee v. O'Sullivan,* 25 id., 666 ; *Tainter v. Lucas,* 29 id., 375 ; Wait's N. Y. Code, sec. 220 and cases cited.    Temporary injunction may issue in action at law to recover real estate.    *Gillett v. Treganza, supra.*

COLE, J.    The complaint was demurred to, upon the ground that it contains a cause of action for the possession of specific real property and damages for withholding the same, united with a cause of action for trespass on real estate, and also with a cause of action for waste ; in other words, that there is an improper joinder of several causes of action in the same paragraph or count.

It seems to us that this is a misapprehension of the complaint.    It is alleged, in substance, that the plaintiff, on the 10th day of August, 1870, was lawfully possessed, as owner in fee simple, of the real estate described, and was then and is now entitled to the immediate possession thereof ; that the defendant, on the 14th day of March, 1874, entered into the possession and ousted the plaintiff, and wrongfully and unlawfully withholds from the plaintiff the possession, to her damage in the sum of $500.    It then alleges, that the defendant, on his entry upon the premises, commenced chopping down most valuable timber, and continues to do so ; that he and his servants have cut ·down a large number of trees, and have hauled them away ; ·that the defendant has made preparations to destroy the remaining wood and timber growing upon the land ; that a great

portion of the value of the land consists in the timber; that the defendant has thrown down and destroyed fences upon the premises, and continues to do so; and that he threatens to continue these injuries and waste; that he is wholly without means and insolvent; and that any judgment which might be obtained against him would be uncollectible and worthless. The plaintiff then demands judgment against the defendant, that he and his servants be restrained by an order of the court from cutting down, hauling away, or in any manner interfering with the timber, either standing or down, upon the premises, and from injuring the fences, and from committing any acts of waste; and also demands judgment for the possession of the premises, and for $500 damages, and costs.

We suppose this is really an action at law to obtain the possession of the premises, of which the plaintiff has the legal title and right of possession, and damages for withholding the possession. The complaint contains all the essential averments prescribed by statute (sec. 4, ch. 141, R. S.) in an action to recover specific real estate. It is true that, in addition to these proper averments, much redundant matter is set forth, not necessary to be stated in a complaint in such an action. But this redundant matter does not destroy or vitiate the facts well pleaded, nor change the nature and character of the action. At most, it can only be said to be an improper mingling in one statement of several causes of action; but this is not a ground of demurrer, but the remedy is by motion to make the pleading more definite and certain. *Clark v. Langworthy*, 12 Wis., 442; *Akerly v. Vilas*, 25 id., 704. We do not understand that the plaintiff seeks to recover in this action damages for the trespass and acts of waste committed on the premises. Those matters were doubtless stated to lay the foundation for an injunctional order pending the action of ejectment. It is conceded that the plaintiff might have such a provisional remedy to restrain trespass or waste pending the action to recover real property; and there is really no room for

doubt upon that point, under sec. 2, ch. 129 and sec. 7, ch. 143, R. S. *Gillett v. Treganza*, 13 Wis., 472.

It is true, in the prayer for relief, the plaintiff, among other things, demands judgment against the defendant that he and his servants be restrained by an order of court from committing further trespasses or acts of waste. If this must be understood as seeking a perpetual injunction as a part of the relief, it is obviously absurd when the nature and object of the action are regarded. When the plaintiff obtains possession of the property in her action at law, she will need no such relief. And such possession, and damages for withholding the possession, constitute the final relief which the plaintiff seeks in the action; and of course a permanent injunction to prevent trespasses when the plaintiff obtains the fruit of the litigation, is wholly unnecessary for the protection of her rights. We think the object of this demand was only to ask for a temporary injunction pending the action of ejectment. But even if we are mistaken in that regard, since the general nature of the action is manifest, the fact that the plaintiff asks, as a part of the relief, what she is not entitled to and does not need, does not render the complaint bad, on demurrer.

*By the Court.* — The order of the circuit court, overruling the demurrer to the complaint, is affirmed, and the cause is remanded for further proceedings.