TOOTLE, HANNA & CO. v. C. A. STINE, et al.

GOODS *Owned by Wife, Sold by Husband; Homestead, Exempt.* Where the wife is the owner of a stock of goods and merchandise valued at $3,800, and the husband is permitted by the wife to carry on the business of selling the goods as a retail dealer in his own name, and to buy other goods for the store to the amount of about $500 on credit, and thereafter, for a period of three months, continues to sell at retail, and then the goods on hand are exchanged for real estate which is at once actually occupied by the husband and wife and their family as a homestead, and the conveyance of which is taken in the name of the wife, *held*, that as it does not appear that the goods bought by the husband on credit, or any of the proceeds thereof, are a part of the purchase-money or consideration for the homestead, the homestead is not subject to the claim of the creditors from whom the husband purchased the said $500 worth of merchandise.

*Error from Butler District Court.*

AT the May Term, 1883, the defendants, *C. A. Stine* and his wife, *Lydia A. Stine,* had judgment against plaintiffs, *Tootle, Hanna & Co.,* who bring it here for review. The opinion states the facts.

*A. L. L. Hamilton,* and *F. W. Rash,* for plaintiffs in error.

*A. L. Redden,* for defendants·in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action by the plaintiffs against the defendants, to subject certain real estate held in the name of Lydia A. Stine, to the payment of two judgments obtained by the plaintiffs against her husband, C. A. Stine. Trial by the court, a jury being waived, and judgment for the defendants.

The evidence introduced upon the trial is not preserved in the record, and therefore we are compelled to accept as conclusive the findings of fact of the trial court. These findings establish that on April 1, 1880, Lydia A. Stine was the owner of a stock of goods and merchandise valued at $3,800, kept in a store building rented of Neil Wilkie, in Douglass, Butler county; that from April 1, 1880, until July 16, 1880, C. A. Stine, the husband of Lydia A. Stine, carried on the business of the store in his own name, with the knowledge and consent of his wife, and retailed goods therefrom in the ordinary manner of retail dealers, and bought goods in his own name of the value of $1,600; that on April 17, 1880, the plaintiffs, who were wholesale merchants at Kansas City, Missouri, sold to C. A. Stine goods to the amount of $538.08 on a credit of sixty and ninety days. Of this, $428.08 was not paid, and for this sum with interest thereon they had judgments of record in the district court of Butler county at the commencement of this action. The goods and merchandise purchased by C. A. Stine from the plaintiffs, with other goods and merchandise purchased by him in his own name, were intermingled with the goods in the store, with the consent of his wife, Lydia A. Stine, and sales were made from the stock by C. A. Stine in his own name, as if he were the owner thereof. During all this time, one or more signs with the name of C. A. Stine were displayed in front of the store, but the name of Lydia A. Stine did not appear upon any sign. On July 16, 1880, the stock of goods in the store, being then of the value of about $3,800, together with the house and lots on which the defendants were living, were exchanged with one John M.

Wilson for certain real estate situated in the county of Butler, worth $4,000, which real estate was at once occupied by the defendants and their family as a homestead. The conveyance of this real estate was taken in the name of the wife, Lydia A. Stine. This is the property claimed to be subject to the payment of the judgments.

It is sought to bring this case within the principle announced in *Long v. Murphy*, 27 Kas. 380. In that case, we decided that—

"Where a debtor is insolvent and his creditors are pressing him for the payment of their claims, he cannot, while fully cognizant of his inability to pay his debts, for the purpose of defrauding his creditors transfer the possession of goods purchased by him upon credit and take in exchange therefor land, either in his own name or in the name of his wife, and then claim the same as exempt against such existing creditors."

The facts in this case are not similar to those developed in that, and therefore the decision in that case is not controlling in this. All reasonable inferences are to be indulged in to sustain the judgment of the district court. There is nothing in the findings showing that any of the goods purchased from the plaintiffs were exchanged for the land claimed as a homestead. Sales were continually made from the stock in the store after the purchase of the goods in question, from April 17, 1880, to July 16, 1880, and for aught that appears, the particular goods bought of the plaintiffs, with the class or classes with they were mixed, may have all been disposed of. Further than this, it does not appear that Lydia A. Stine had any knowledge that the goods purchased from the plaintiffs were not paid for. No money derived from the sale of the goods was used in the payment of the homestead, and therefore the plaintiffs trace neither the goods they sold, nor any of the proceeds thereof, to the homestead which they seek to subject to the payment of their judgments. If the stock of goods which C. A. Stine had under his control were his absolutely, the plaintiffs would not be entitled to subject a homestead, obtained by exchanging them for it, to the pay-

ment of their debts and judgments, if the goods purchased from them upon credit were not exchanged for it and were no part of the purchase consideration.

Several of the decisions cited by counsel establish that where a husband has charge of property belonging to his wife and is permitted by her to represent the property to be his, and upon such apparent ownership obtains credit, equity will not protect the property from the husband's creditors. We may fully indorse this doctrine, and go so far as to hold that if the plaintiffs had obtained judgments against C. A. Stine prior to the exchange of the stock of the goods for the homestead, they might have levied thereon for the payment of their claim; but this gives no right to subject the homestead to the payment of their debts. A party may have property subject to execution, but if before there is any levy or lien upon it, such property is exchanged for real estate and actually occupied as a homestead, the homestead is exempt unless existing creditors have rights therein as settled in *Long v. Murphy*, supra.

The judgment of the district court will be affirmed.

All the Justices concurring.