ST. LOUIS SOUTHWESTERN RY. CO. v. STUTTGART & R. B. R. CO. et al.

(Circuit Court, E. D. Arkansas, W. D. May 4, 1911.)

No. 1,733.

1. EMINENT DOMAIN (§ 275*)—RAILROAD CROSSING—ADEQUATE REMEDY AT LAW.

Complainant had no complete and adequate remedy at law which would preclude an injunction restraining defendant from constructing a railroad crossing over complainant's line at a specified point, where, in accordance with the proceedings taken for such crossing, it would be completed and the injury done before a hearing could be had in defendant's proceedings to condemn a right to cross.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 769–773; Dec. Dig. § 275.*]

2. INJUNCTION (§ 16*)—ADEQUATE REMEDY AT LAW.

To prevent a court of equity from interfering by injunction it is not sufficient that there is a remedy at law, but such remedy must be plain and adequate, and as practical and efficient to the ends of justice and its prompt administration as the remedy in equity.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 15; Dec. Dig. § 16.*]

3. EMINENT DOMAIN (§ 76*)—CROSSING OVER RAILROADS—RIGHT TO CROSS—DETERMINATION—JURISDICTION.

Kirby's Dig. Ark. §§ 2955, 2956, provides that, where the determination of the questions in controversy in condemnation proceedings is likely to retard the progress of the work of the petitioning railroad, the court or judge in vacation shall designate an amount of money to be deposited by the company subject to the order of the court, and, on the deposit being made, may order that it shall be lawful for the company to enter on the lands and proceed with its work prior to the assessment and payment of damages for the use and right to be determined. Section 2962 authorizes one railroad to cross the tracks of another, and section 2963 provides that, if the corporations cannot agree upon the amount of compensation to be made or the points or manner of crossing, the same shall be ascertained and determined by a "court of competent jurisdiction" in the same manner as provided for the ascertainment of damages for a right of way for railroads. Held that, where the points or manner of crossing by one railroad over the tracks of another are in dispute, such dispute can only be determined after trial to a jury; and hence the court in vacation had no jurisdiction to authorize the petitioning company to cross complainant's railroad at a disputed point on depositing a specified sum for the payment of damages, to be subsequently ascertained.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 200–203; Dec. Dig. § 76.*]

In Equity. Suit by the St. Louis Southwestern Railway Company against the Stuttgart & Rice Belt Railroad Company and others, to restrain defendant railroad company from crossing complainant's railroad at a specified point until there could be a hearing on said defendant's petition for condemnation of a right to cross at such place. On motion to dissolve a temporary injunction. Denied.

On January 27, 1911, the defendant, a railway corporation existing under the laws of the state of Arkansas, filed its petition in the state circuit court of Arkansas county for condemnation of a right to cross the railroad of the complainants herein near the city of Stuttgart, in this state. The writ was made returnable to the first succeeding term of that court, which was April 3, 1911. The court not being in session, the defendant on January 28, 1911, applied to the judge of the court in vacation for an order authorizing it to

cross the tracks of the complainant company with its tracks at the place set out in the petition. The judge on the same day made an order in conformity with the prayer of the petition granting the defendant the right to cross complainant's railroad at the place designated in the petition, and required it to deposit the sum of $500 for the purpose of making compensation therefor. On February 16, 1911, the complainant filed with the clerk of the circuit court of Arkansas county, the court being still in vacation, its petition and bond for removal of the cause to this court, upon the ground that there was a diversity of citizenship, and that the amount in controversy exceeded in value the sum of $2,000. The petition and bond are in proper form, but, the court not being in session, the order of removal was not made until the first day of the April term of said court, when the court made an order for removal, and thereupon the transcript was lodged in this court in due time. On February 17th, after the petition for removal had been filed in the state court, complainant filed its bill of complaint in this court, and asked for a temporary injunction until there could be a hearing had on the petition of the defendant for the condemnation of the right to cross complainant's tracks at the place designated. A hearing on the petition for the temporary injunction was had on February 23, 1911, when the parties consented that a temporary restraining order as prayed in the bill might be granted, with leave to defendant to move to dissolve it upon notice. Defendant now moves for such a dissolution upon the ground that the court is without jurisdiction, that there is no equity in the bill, and that the remedy at law is complete and adequate. The grounds upon which the aid of this court is invoked by complainant, after setting out the great injury complainant will suffer by reason of this crossing at the place authorized, are that the hearing of the condemnation petition and that for removal to this court could not be had until the meeting of the state circuit court in April; that in the meantime the defendants would cross the road and practically prevent complainant from doing the switching of its freight trains without cutting them in two; that the place of the contemplated crossing is practically within the yard limits of complainant in the city of Stuttgart, a town of several thousand inhabitants, and to have the crossing there would be very dangerous to human life if permitted on grade, and without an interlocking plant or some other safety device; that the water tank of complainant is near that place, and freight trains taking water at this tank are necessarily compelled to have a part of their cars on that part of the track where defendant seeks to cross; that to protect the lives of its employés and passengers, and also to protect its property, it will be necessary to install an interlocking plant there at great expense, and maintain and operate it at great expense; that by changing its line 1.000 feet east of the proposed track all of this could be avoided to a great extent. It is also charged that the act of the judge in making the order in vacation was without authority of law, and therefore it is wholly void. They being remediless at law, there being no court which could act on the condemnation petition or the petition to remove until April, the intervention of this court as a court of equity is necessary to prevent irreparable injury.

Bridges & Wooldridge, for complainant.
Thomas S. Buzbee, for defendants.

TRIEBER, District Judge (after stating the facts as above). [1] That there is no complete and adequate remedy at law is too clear for argument, for before a hearing can be had in the condemnation proceeding the crossing will have been completed and the mischief done. That courts of equity have power to grant at least temporary relief until there can be a determination of the right of the defendant to cross is undoubted. Montana C. Ry. Co. v. H. & R. M. Ry. Co., 6 Mont. 416, 12 Pac. 916; Railway Co. v. Railway Co., 91 Iowa, 16, 58 N. W. 918; Atchison Street R. R. Co. v. Missouri Pacific Ry. Co., 31 Kan. 66, 3 Pac. 284; National Docks, etc., Ry. Co. v. State, 53 N.

J. Law, 217, 21 Atl. 570, 26 Am. St. Rep. 421.; 3 Elliott on Railroads (2d Ed.) § 1125. As stated in Colorado, etc., R. Co. v. Chicago, etc., Ry. Co., 141 Fed. 898, 73 C. C. A. 132:

"The aid of such a bill is recognized in courts of equity, and at times is highly remedial and proper to maintain the status quo and stay the hand of the alleged wrongful intruder from doing further acts upon the invaded premises, which if not wholly irreparable would likely produce complications, and inflict injuries difficult to remedy."

That injunction may lie in cases of this nature has been expressly determined by the Supreme Court of Arkansas in Niemeyer & Darragh v. Little Rock Junction Ry. Co., 43 Ark. 111, and Mountain Park Terminal Co. v. Field, 76 Ark. 239, 88 S. W. 897.

[2] To prevent a court of equity from interfering it is not sufficient that there is a remedy at law. It must be plain and adequate, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. Watson v. Sutherland, 5 Wall. 74, 78, 18 L. Ed. 580; Ex parte Young, 209 U. S. 123, 28 Sup. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932; Arthur v. Oakes, 63 Fed. 310, 11 C. C. A. 209, 25 L. R. A. 414; Twin City Power Co. v. Barrett, 126 Fed. 302, 61 C. C. A. 288; Castle Creek Water Co. v. Aspen, 146 Fed. 8, 76 C. C. A. 516; Butler Brothers Shoe Co. v. United States Rubber Co., 156 Fed. 1, 84 C. C. A. 167.

Without determining all the questions raised during the argument, there is one matter which in the opinion of the court is conclusive. By the act of the Legislature of the state approved April 28, 1873, provision was made for the exercise of the right of eminent domain by railroads. The act is digested in Kirby's Digest of the Statutes of Arkansas as sections 2947 to 2958. Sections 2955 and 2956 provide:

"Sec. 2955. Where the determination of questions in controversy in such proceedings is likely to retard the progress of work or the business of such railroad company, the court, or judge in vacation, shall designate an amount of money to be deposited by such company, subject to the order of the court, and for the purpose of making such compensation when the amount thereof shall have been assessed as aforesaid, and said judge shall designate the place of such deposit.

"Sec. 2956. Whenever such deposit shall have been made in compliance with the order of the court or judge, it shall be lawful for such company to enter upon such land and proceed with their work through and over the lands in controversy prior to the assessment and payment of damages for the use and right to be determined as aforesaid."

By an act approved March 20, 1883, digested as sections 2962 and 2963 of Kirby's Digest, provision was made for one railroad to obtain the right to cross the tracks of another railroad. These sections are as follows:

"Sec. 2962. Every railroad corporation created and organized under the laws of this state, or created and organized under the laws of any other state or the United States, and operating a railroad in this state, shall have the power to cross, intersect, join or unite its railroad with any other railroad now constructed, or that may hereafter be constructed, at any point on its route and upon the grounds and right of way of such other railroad company, with the necessary turn-outs, sidings and switches and other conveniences in furtherance of the object of its construction. And every railroad company

whose railroad is or shall be crossed, joined or intersected by any new railroad shall unite with the owners and corporation of such new railroad in forming such crossing, intersection and connection, and shall grant to such railroads so crossing, intersecting or uniting all the necessary facilities for that purpose as aforesaid.

"Sec. 2963. If the two corporations cannot agree upon the amount of compensation to be made for the purposes set forth in the foregoing section, or the points or manner of such crossing, junctions or intersections, the same shall be ascertained and determined by a court of competent jurisdiction in the same manner as provided for the ascertainment of damages for right of way for railroads."

It will be noticed that while section 2955 expresssly authorizes a judge in vacation to make an order authorizing a railroad to enter upon lands required for the right of way, section 2963 only confers the power to make an order to cross another railroad on "courts of competent jurisdiction." The order under section 2955 can be made by a judge in vacation, as all he is required to do is to designate the amount of money to be deposited, but that determination is not final, but must be ascertained upon final hearing by the court and a jury. The constitutionality of that section was upheld by the Supreme Court solely upon the ground that it is but an interlocutory order, and the final assessment has to be made by a jury, as prescribed by the Constitution. Reynolds, Ex parte, 52 Ark. 330, 12 S. W. 570.

[3] But if it is attempted to cross the tracks of another railroad under section 2963, if the points or manner of such crossing are in dispute, the statute provides that the same shall be ascertained and determined by a court of competent jurisdiction in the same manner as provided for the ascertainment of damages for rights of way of railroads. Under the latter section a very important matter has to be determined in addition to the compensation. The court must determine the point and manner of such crossing. Besides, a power in a judge to act in vacation in a matter of this nature is not only in derogation of the common law, but may prove very detrimental to the rights of the senior railway, and for this reason such a statute should be strictly construed; and, unless it clearly appears to have been the intention of the Legislature as expressed in the act to grant that power to the judges in vacation, judges would not be justified to assume it by implication. The determination of the place and manner of such crossing is of great importance, and, having been once granted and exercised by the railway company, that question would be disposed of, and the only question left for determination at the final trial by the jury would be that of compensation.

In Denver & Rio Grande Ry. Co. v. Denver Railway Co. (C. C.) 17 Fed. 867, 869, it was contended, as in the case at bar, that it is competent for the court to allow the defendant to go on constructing its road subject to such disposition as may be held proper at the final hearing. But the court overruled this contention, saying:

"It would be manifestly unjust to the defendant itself to countenance the building of the road now, when it may be that the court will afterwards change its mind in respect to this matter, and require the road to be removed and built somewhere else. What would be said if we should now and here give the defendant permission to go on and build its road as it shall choose, and

in six months from this time, on final hearing, declare all of it to be wrong, a mistake from the first, and that it would be the duty of the defendant to take up its track and put it somewhere else. I do not think that any court can go on in that way. This is a matter for final decision and determination, and as such there are questions which can only be considered upon final hearing."

In the opinion of the court a judge in vacation under the statutes of this state possesses no such power, and the order made authorizing the defendant to cross complainant's tracks at the place designated is therefore coram non judice and absolutely void. To maintain the status quo it is proper that the temporary injunction should remain, but, in order that no injustice may be done, the hearing on the petition pending on the law side of this court to cross will be speeded and set down for trial on May 15, 1911.